UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-5073 FMO (JCGx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | Disorderly Kids, LLC v. Family Dollar Stores, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Motions in Limine

Having reviewed and considered the briefing with respect to the parties' motions in limine (collectively, "Motions"), and concluding that oral argument is not necessary to resolve them, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), the court rules as follows.

## LEGAL STANDARD

Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence. Although the Federal Rules of Evidence do not explicitly authorize motions in limine, the Supreme Court has noted that trial judges have developed the practice pursuant to their authority to manage trials. See Luce v. United States, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 463 n. 4 (1984). Trial courts have broad discretion when ruling on motions in limine. See Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir. 2002). However, "a motion in limine should not be used to resolve factual disputes or weigh evidence." C & E Servs., Inc. v. Ashland Inc., 539 F.Supp.2d 316, 323 (D.D.C. 2008).

To exclude evidence on a motion in limine, the evidence must be "clearly inadmissible on all potential grounds." Ind. Ins. Co. v. Gen. Elec. Co., 326 F.Supp.2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." Hawthorne Partners v. AT & T Tech., Inc., 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." Wilkins v. Kmart Corp., 487 F.Supp.2d 1216, 1218 (D. Kan. 2007).

Rulings on motions in limine "are not binding on the trial judge [who] may always change his mind during the course of a trial." Ohler v. United States, 529 U.S. 753, 758 n. 3, 120 S.Ct. 1851, 1854 n. 3 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 12-5073 FMO (JCGx)** | Date | **December 17, 2015** |
|---|---|---|---|
| Title | **Disorderly Kids, LLC v. Family Dollar Stores, Inc.** | | |

Ind. Ins. Co., 326 F.Supp.2d at 846.

**DISCUSSION**

I.  MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONY OF LILLIANA CARRILLO ("MIL No. 1," Dkt. No. 131).

Defendant seeks to exclude plaintiff's associated designer, Lilliana Carrillo ("Carrillo"), as a witness at trial. (See MIL No. 1 at 1). Defendant asserts that Carrillo should not be permitted to testify because: (1) she was not disclosed as a witness during discovery; (2) her testimony regarding copyrights not at issue is irrelevant, see Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."); and (3) her testimony is likely to confuse and mislead the jury and result in unfair prejudice. (See MIL No. 1 at 1); Fed. R. Evid. 403 ("[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

A.  Timeliness of Disclosure.

Defendant contends that plaintiff did not disclose Carrillo as a possible witness in its initial disclosures and did not supplement its disclosures before the close of fact discovery and, therefore, her testimony should be excluded. (See MIL No. 1 at 1-2).

"[O]ne of the principal goals of the discovery rules [is] preventing trial by ambush and surprise." Brandon v. Mare-Bear, Inc., 225 F.3d 661 (9th Cir. 2000); Nationwide Life Ins. Co. v. Richards, 541 F.3d 903, 910 (9th Cir. 2008) ("The Federal Rules of Civil Procedure 'contemplate . . . 'full and equal discovery'. . . so as to prevent surprise, prejudice and perjury' during trial."). Under Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, a party must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information[.]" "A party who has made a disclosure under Rule 26(a) – or who has responded to [a] request for production [] – must supplement or correct its disclosure or response [] in a timely manner . . . if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e).

"[A] party failing to provide information required by Rule 26(a) or (e) is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1179 (9th Cir. 2008), as amended (Sept. 16, 2008) (internal quotation marks omitted); see Fed. R. Civ. P. 37(c)(1). Rule 37 of the Federal Rules of Civil Procedure gives teeth to this requirement by automatically excluding any evidence not properly disclosed, irrespective of the party's bad faith or willfulness. See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5073 FMO (JCGx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | Disorderly Kids, LLC v. Family Dollar Stores, Inc. | | |

1106 (9th Cir. 2001). "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." Id. at 1107.

Plaintiff's disclosure of Carrillo as a witness, although untimely, is nevertheless harmless. Defendant does not dispute that plaintiff produced emails before the discovery cut-off in which Carrillo was identified as the sender or recipient of those emails. (See, generally, MIL No. 1 at 2). Nor does defendant dispute that it responded to the declaration Carrillo submitted in opposition to defendant's motion for summary judgment. (See, generally, id. at 3). As there is no indication that defendant would be surprised by Carrillo's expected testimony, the court declines to exclude Carrillo's testimony due to plaintiff's untimely disclosure.

    B.    <u>Relevance of Carrillo's Expected Testimony</u>.

Defendant asserts that Carrillo's "testimony [from her 2013 declaration] has no relevance" for two reasons. (See Reply Memorandum in Support of Defendant's Motion in Limine No. 1 to Exclude Testimony of Lilliana Carrillo ("MIL No. 1 Reply," Dkt. No. 144) at 4-5). First, defendant contends that Carrillo's testimony is not relevant to Ikeddi Imports, LLC's ("Ikeddi") – defendant's vendor – access to any of plaintiff's copyright designs. (See id.; MIL No. 1 at 6). Second, defendant claims that Carrillo is not expected to testify about the two copyrights at issue at trial, i.e., the Butterfly Lace Chains Screen design and the New York Screen design, but rather, other copyright designs that are no longer at issue given the court's previous rulings. (See MIL No. 1 at 4-5 & 6-7; MIL No. 1 Reply at 4-5; Declaration of Lilliana Carrillo in Opposition to Defendant's Motion for Summary Judgment ("Carrillo Decl.," Dkt. No. 65) at ¶¶ 2-4 & Exhs. 1-9).

"Plaintiff cannot create a triable issue of access merely by showing 'bare corporate receipt' of her work by an individual who shares a common employer with the alleged copier." Bernal v. Paradigm Talent & Literary Agency, 788 F.Supp.2d 1043, 1056 (C.D. Cal. 2010) (citation omitted). Rather, "the plaintiff must show a sufficient nexus between the individual who possesses knowledge of a plaintiff's work and the creator of the allegedly infringing work." Id.; see Three Boys Music Corp. v. Bolton, 212 F.3d 477, 482 (9th Cir. 2000), cert. denied, 531 U.S. 1126 (2001) ("Access may not be inferred through mere speculation or conjecture") (citing 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 13.02[A] at 13-19 (1999)).

Plaintiff's contention that Carrillo's communications with defendant's employee, Sarah Tate, "is circumstantial evidence" that Ikeddi had access to plaintiff's designs is unpersuasive. (See MIL No. 1 at 6). Carrillo's expected testimony would merely support a theory of "bare corporate receipt," rather than a "sufficient nexus between the individual who possesses knowledge of a plaintiff's work and the creator of the allegedly infringing work." See Bernal, 788 F.Supp.2d at 1056. Plaintiff relies on Carrillo's statements in her declaration and the exhibits attached to that declaration, but these merely reflect communications among plaintiff's employees or between plaintiff and defendant – not Ikeddi. (See Carrillo Decl. & Exhs. 1-9). And no statement in Carrillo's declaration or the accompanying exhibits suggest that any of plaintiff's designs would ultimately be transferred to Ikeddi. (See, generally, id.). Absent anything suggesting Carrillo will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5073 FMO (JCGx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | Disorderly Kids, LLC v. Family Dollar Stores, Inc. | | |

testify about any nexus between plaintiff and the creator of the allegedly infringing work, Ikeddi, Carrillo's testimony at least as contemplated by her declaration – would be irrelevant.

Defendant also seeks to exclude Carrillo's testimony regarding copyrights other than the Butterfly Lace Chains Screen or the New York Screen design at issue on the ground it would be irrelevant. (See MIL No. 1 at 4-5; MIL No. 1 Reply at 4-5). While the contents of Carrillo's declaration and accompanying exhibits strongly indicate that her testimony regarding other copyrights would not be relevant to any of the causes of action at issue, Carrillo's testimony must be "clearly inadmissible on all potential grounds[,]" Ind. Ins. Co., 326 F.Supp.2d at 846, for the court to exclude her testimony on a motion in limine. Based on the evidence before it, the court cannot say that testimony regarding other copyrights plaintiff sold to defendant would be clearly inadmissible on all potential grounds.

Finally, defendant's argument that Carrillo's testimony regarding other copyrights, including a "butterfly-with-stripes" design, would confuse the issues and mislead the jury, see MIL No. 1 at 5, has substantial merit. This is because a jury may have difficulty separating arguments regarding the "butterfly-with-stripes" design, (see Carrillo Decl. at ¶¶ 2-3) with the Butterfly with Lace Chains Screen design at issue at trial.

In short, to the extent plaintiff seeks to establish access through Carrillo's testimony relating to communications among plaintiff's employees or between plaintiff and defendant without explaining how Ikeddi received plaintiff's designs, Carillo's testimony is excluded. To the extent defendant seeks to exclude Carrillo's testimony regarding copyrights other than the Butterfly Lace Chains Screen or the New York Screen design, determinations of the relevancy and potential for jury confusion regarding plaintiff's various designs will be made at trial.

II. MOTION IN LIMINE NO. 2 TO EXCLUDE TESTIMONY OF LIA J. MERCADO ("MIL No. 2," Dkt. No. 132).

Defendant seeks to exclude plaintiff's freelance artist, Lia J. Mercado ("Mercado"), as a witness at trial. (See MIL No. 2 at 1). Defendant asserts that Mercado should not be permitted to testify at trial because: (1) any testimony she would give regarding designs not at issue would be irrelevant, see Fed. R. Evid. 401; and (2) her testimony is likely to confuse and mislead the jury and result in unfair prejudice. (See MIL No. 2 at 1); Fed. R. Evid. 403.

Defendant asserts that "[n]one of the testimony in [] Mercado's [2013] declaration is relevant" for two reasons. (See MIL No. 2 at 2-3). First, Mercado's testimony is not relevant to Ikeddi's access to any of plaintiff's copyright designs. (See id. at 1-3 & 4-5; Reply Memorandum in Support of Defendant's Motion in Limine No. 2 to Exclude Testimony of Lia J. Mercado ("MIL No. 2 Reply," Dkt. No. 145) at 3-5; Declaration of Lia J. Mercado in Opposition to Defendant's Motion for Summary Judgment ("Mercado Decl.," Dkt. No. 66) at ¶¶ 2-3 & Exhs. 1-7). Second, Mercado is not expected to testify about the two copyrights at issue in this case, i.e., the Butterfly Lace Chains Screen design and the New York Screen design, but rather, other copyright designs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5073 FMO (JCGx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | Disorderly Kids, LLC v. Family Dollar Stores, Inc. | | |

that are no longer at issue. (See MIL No. 2 at 5).

Plaintiff and defendant raise the same arguments regarding the relevancy of Mercado's testimony as they did with respect to Carrillo's testimony. (Compare MIL No. 1 & MIL No. 1 Reply, with MIL No. 2 & MIL No. 2 Reply). Accordingly, to the extent plaintiff seeks to establish access through Mercado's testimony relating to communications among plaintiff's employees or between plaintiff and defendant without explaining how Ikeddi received plaintiff's designs, Mercado's testimony is excluded. To the extent defendant seeks to exclude Mercado's testimony regarding copyrights other than the Butterfly Lace Chains Screen or the New York Screen design, determinations of the relevancy and potential for jury confusion regarding plaintiff's various designs will be made at trial.

III. MOTION IN LIMINE NO. 3 TO EXCLUDE DOCUMENTS NOT TIMELY DISCLOSED ("MIL No. 3," Dkt. No. 133).

Defendant seeks to exclude documents that were not timely disclosed.[1] (See MIL No. 3 at 1). Defendant asserts that plaintiff should not be permitted to introduce these documents because: (1) these documents were not disclosed during discovery; (2) they are irrelevant, see Fed. R. Evid. 401; and (3) they are likely to confuse and mislead the jury and result in unfair prejudice. (See MIL No. 3 at 1 & 4); Fed. R. Evid. 403.

A. Timeliness of Disclosure.

Defendant contends that it has suffered prejudice as a result of plaintiff's supplemental disclosure approximately two weeks after the June 17, 2013, discovery cut-off. (See MIL No. 3 at 3). But Rule 26(e) of the Federal Rules of Civil Procedure requires supplemental disclosure "in a timely manner." It does not require, as defendant suggests, supplemental disclosure before the close of discovery. While it is true, as defendant states, that it could have obtained additional discovery from plaintiff had the supplemental disclosures been made before the close of fact discovery, defendant does not point to any discovery it would have sought, (see, generally, MIL No. 3 at 4), the lack of which resulted in defendant being prejudiced.

B Admissibility of Documents Produced After the Close of Discovery.

Defendant also raises specific arguments challenging the admissibility of documents produced by plaintiff after the close of discovery, which are considered below.

---

[1] Since the filing of Motion in Limine No. 3, the exhibits have been renumbered and plaintiff has withdrawn four of the disputed exhibits. (Compare MIL No. 3 at 1, with Reply Memorandum in Support of Defendant's Motion in Limine No. 3 to Exclude Documents not Timely Disclosed ("MIL No. 3 Reply," Dkt. No. 146) at 2-3). The court will not address the withdrawn exhibits as defendant's objections to them are now moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5073 FMO (JCGx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | Disorderly Kids, LLC v. Family Dollar Stores, Inc. | | |

1. **Renumbered Exhibit No. 21**.

Defendant challenges the admissibility of plaintiff's October 20, 2011 cease-and-desist letter to defendant on the grounds that it (1) includes other copyrights that are no longer at issue in this case; and (2) is not relevant to any cause of action at issue in this case. (See MIL No. 3 at 5; Declaration of Matthew L. Seror in Opposition to Defendant's Motion for Summary Judgment, Dkt. No. 63, at Exh. 1).

The cease-and-desist letter regarding the two copyrights at issue in this case is admissible regardless of the fact that other copyrights are included in that cease-and-desist letter. A jury should have no problem distinguishing the two copyrights at issue from those that are no longer at issue.

2. **Renumbered Exhibit Nos. 27, 28 and 31**.

Defendant challenges the admissibility of email correspondence between Carrillo and John Gilliam, both employees of plaintiff, on the grounds that it is irrelevant and could potentially confuse or mislead the jury. (See MIL No. 3 at 6; Carrillo Decl. at Exhs. 3-4 & 7). Plaintiff has not provided a response defendant's argument regarding the admissibility of these exhibits. (See, generally, MIL No. 3 at 8-10).

These emails, in which plaintiff's employees exchanged designs other than the Butterflies with Lace Chains Screen and New York Screen designs at issue, do not appear relevant to any element of any cause of action or any defense. Moreover, even if the emails were relevant, the attachments to the emails would be excluded because they contain t-shirts with butterfly designs other than the ones at issue, which could potentially confuse or mislead a jury. Accordingly, Exhibit Nos. 27, 28 and 31 are excluded.

3. **Renumbered Exhibit No. 29**.

Defendant challenges the admissibility of an email exchange between defendant's employee, Sarah Tate, and plaintiff's employees, (see MIL No. 3 at 7-8; Carrillo Decl. at Exh. 5), on the grounds that it is irrelevant and could potentially confuse or mislead the jury.

To the extent plaintiff seeks to introduce Renumbered Exhibit 29 to demonstrate Ikeddi's access to plaintiff's copyrights, it is inadmissible, as it is bereft of any reference to Ikeddi's ultimate receipt of plaintiff's designs. It does not, for example, mention or refer to Ikeddi, or otherwise support a contention that Ikeddi had access to plaintiff's designs. Nor does it, for example, discuss any pecuniary benefit defendant would receive had it forwarded the designs to Ikeddi. To the extent Renumbered Exhibit No. 29 is sought for any other purpose, the court will defer its determination as to the relevance and potential for jury confusion of this exhibit at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5073 FMO (JCGx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | Disorderly Kids, LLC v. Family Dollar Stores, Inc. | | |

    4.    **Renumbered Exhibit No. 30**.

Defendant challenges the admissibility of a purchase order for t-shirts other than the Butterflies with Lace Chains Screen and New York Screen designs, including the price and quantities ordered. (See MIL No. 3 at 8; Carrillo Decl. at Exh. 6). At this time, the court cannot make a determination as to the relevance of this exhibit, particularly because the price charged and quantity of t-shirts purchased for these other copyright designs may be relevant as a comparison point to the price charged and quantity ordered for the Butterflies with Lace Chains Screen and New York Screen designs. Accordingly, the court will defer its determination as to the relevance of this exhibit at trial.

    5.    **Renumbered Exhibit No. 32**.

Defendant challenges the admissibility of written instructions Carrillo provided to Mercado regarding a butterfly t-shirt design that is not the Butterflies with Lace Chains Screen design. (See MIL No. 3 at 7; Carrillo Decl. at Exh. 8). Mercado states that from the instructions contained in Renumbered Exhibit No. 32, she designed the "Butterflies with Stripes Screen" design, for which the court granted summary judgment in favor of defendant. (See Mercado Decl. at ¶ 7 & Exh. 7).

Again, the court cannot at this time make a determination as to the relevance and potential for jury confusion of this exhibit. The instructions make reference to a "lace stripe," which may or may not have any bearing on the Butterflies with Lace Chain Screen design, which also contains lace features. In short, the court will defer its determination as to the relevance and potential for jury confusion of this exhibit at trial.

IV.    MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE RELATING TO DESIGNS THAT ARE NO LONGER AT ISSUE ("MIL No. 4," Dkt. No. 134).

Defendant seeks to exclude "all testimony and documentary evidence regarding the 'Side Butterflies Screen,' 'People Person Screen,' and 'Butterflies With Stripes Screen' which are no longer at issue in this case."[2] (See MIL No. 4 at 1). Specifically, plaintiff seeks to exclude (1) the exhibits identified in Motion in Limine No. 3 as well as a January 6, 2012, 10:46 a.m. email from Michelle Olson to Jason Schutzer;[3] and (2) the testimony of Matt Seror, Lilliana Carrillo, Lia

---

[2] Since the filing of Motion in Limine No. 4, the exhibits have been renumbered and plaintiff has withdrawn seven of the disputed exhibits. (Compare MIL No. 4 at 1-3 with Reply Memorandum in Support of Defendant's Motion in Limine No. 4 to Exclude Evidence Relating to Designs that are no Longer at Issue ("MIL No. 4 Reply," Dkt. No. 147) at 2-4). The court will not address the withdrawn exhibits as defendant's objections to them are now moot.

[3] The court denies MIL No. 4 with respect to the January 6, 2012, email because defendant did not provide a copy of the exhibit with its moving papers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5073 FMO (JCGx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | Disorderly Kids, LLC v. Family Dollar Stores, Inc. | | |

Mercado, Jason Schutzer, Michelle Olson, and Jose C. Medoza, to the extent such documents and testimony concern copyrights other than the Butterflies with Lace Chains Screen and New York Screen designs.  (See MIL No. 4 at 2-3).

The court declines to exclude, outright, evidence of copyrights other than the Butterflies with Lace Chains Screen and New York Screen designs.  As the court's rulings on Renumbered Exhibit Nos. 21, 30, and 32 shows, documents regarding other copyrights may be relevant to plaintiff's claims that defendant infringed the copyrights at issue at trial, see supra at § III., and to exclude evidence on a motion in limine, the evidence must be "clearly inadmissible on all potential grounds."  Ind. Ins. Co., 326 F.Supp.2d at 846.

V.   MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF DAMAGES NOT TIMELY DISCLOSED ("MIL No. 5," Dkt. No. 135).

Defendant seeks to exclude "evidence of any category of damages," (MIL No. 5 at 1), including Exhibit No. 48, which is plaintiff's calculation of its damages.  (See Pretrial Exhibit Stipulation ("Exh. Stip.," Dkt. No. 129) at No. 48).

   A.   Timeliness of Disclosures.

Defendant contends that plaintiff's disclosure of its damages calculations on November 11, 2015 – two months before the January 12, 2016, trial, and two years and five months after the discovery cut-off – is highly prejudicial to it.  (See MIL No. 5 at 1; Declaration of Samuel G. Brooks in Support of Defendant's Motion in Limine Nos. 1 Through 5 ("Brooks Decl.," Dkt. No. 138) at Exh. 11 (plaintiff's supplemental disclosure of damages calculations); Court's Order of Dec. 5, 2012, Dkt. No. 22, at 2 (setting June 17, 2013, discovery cut-off)).

Under Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, a party must disclose "a computation of each category of damages claimed . . . [and] must also make available for inspection and copying . . . the documents or other evidentiary material . . . on which each computation is based[.]"  Fed. R. Civ. P. 26(a)(1)(A)(iii).  "[A] party failing to provide information required by Rule 26(a) or (e) is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Hoffman, 541 F.3d at 1179 (internal quotation marks omitted).

Plaintiff's arguments that its late production was substantially justified or harmless lack merit.  First, plaintiff contends that its operative complaint clearly sought relief in the form of profits from defendant, (see Second Amended Complaint ("SAC," Dkt. No. 47) at Prayer for Relief, ¶¶ 2-3), and additionally responded to interrogatories stating the same.  (See Declaration of Lyle R. Mink in Opposition to Defendant's Motions in Limine ("Mink Decl.," Dkt. No. 139), Exh. 3 at Interrog. Nos. 16 & 17; MIL No. 5 at 10).  But plaintiff misses the point, as defendant is not only entitled to know what categories of damages plaintiff seeks, but is entitled to a computation of those categories of damages as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5073 FMO (JCGx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | Disorderly Kids, LLC v. Family Dollar Stores, Inc. | | |

Plaintiff's second contention that defendant did not seek summary judgment on the ground of lack of damages, (see MIL No. 5 at 10), makes little sense. Defendant did not have plaintiff's calculation of damages when it moved for summary judgment, so defendant could not challenge damages calculations it did not have. Defendant could have chosen, and did choose, to move for summary judgment on the copyright infringement claims solely on the ground of lack of liability rather than a lack of damages.

Plaintiff next contends that it disclosed its damages calculations to defendant at the May 14, 2014, settlement conference, including "total dollar number for defendant's gross profit, and a total dollar number for Ikeddi's revenue based on vicarious and contributory infringement." (See MIL No. 5 at 10). But statements made during settlement negotiations are not admissible to "prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408.

Finally, plaintiff contends that its damages calculations are "very simple math calculations," that "seasoned intellectual property litigators" should have known regardless of whether plaintiff supplemented its disclosures. (See MIL No. 5 at 10 & 11). A party's discovery obligations do not vary depending on the sophistication of the calculations or counsel. However, under the circumstances here, calculating profits from the sales of t-shirts is relatively straightforward, so much so that the calculation is provided in the Ninth Circuit's Model Civil Jury Instructions. (See 9th Cir. Model Civil Jury Instr. No. 17.24) (Copyright – Damages – Defendant's Profits (17 U.S.C. § 504(b))). Accordingly, while the court will exclude plaintiff's calculations of profits, (see Exh. Stip. No. 48), it will not preclude plaintiff from relying on Ninth Circuit Model Civil Jury Instruction No. 17.24 in setting forth its claim of damages in the form of profits. Also, Motion in Limine No. 5 is denied to the extent defendant seeks to exclude "evidence of any category of damages." (MIL No. 5 at 1). Neither party disputes that plaintiff has evidence of the inputs to its profits calculations, i.e. Family Dollar's gross sales of the New York Screen and Butterflies with Lace Screen designs, which defendant timely disclosed. (See Brooks Decl. at Exh. 11) (referencing defendant's responses to interrogatory numbers 8 and 18). These inputs are therefore admissible.

  B.  Ikeddi's Profits.

Defendant also seeks to exclude Ikeddi's gross revenue and profits from the sale of the New York Screen and Butterfly with Lace Chains Screen t-shirts. (See MIL No. 5 at 6-9).

"When a copyright is infringed, all infringers are jointly and severally liable for plaintiffs' actual damages, but each defendant is severally liable for his or its own illegal profit; one defendant is not liable for the profit made by another." Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 519 (9th Cir. 1985), cert. denied 494 U.S. 1017 (1990) (emphasis in original); Williams v. Bridgeport Music, Inc., 2015 WL 4479500,*27 (C.D. Cal. 2015) (same). "The rule of several liability for profits applies, at least, where defendants do not act as partners, or 'practically partners.'" Frank Music Corp., 772 F.2d at 519 (whether co-infringer was an employee, independent contractor, or partner depended in part on whether he received a fixed salary, percentage of profits, or bore any risk of the loss on the production); Williams, 2015 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 12-5073 FMO (JCGx)** | Date | **December 17, 2015** |
|---|---|---|---|
| Title | **Disorderly Kids, LLC v. Family Dollar Stores, Inc.** | | |

4479500 at *27 (plaintiff failed to show that co-infringers were "practically partners").

Plaintiff says nothing in response to defendant's contention that Ikeddi's gross revenue and profits should be excluded, and that failure to respond is tantamount to a concession on that issue. See GN Resound A/S v. Callpod, Inc., 2013 WL 1190651, *5 (N.D. Cal. 2013) (when plaintiff fails to oppose a motion as to a particular issue, "the Court construes as a concession that this claim element [is] not satisf[ied]"); Hall v. Mortg. Investors Grp., 2011 WL 4374995, *5 (E.D. Cal. 2011) ("Plaintiff does not oppose Defendants' arguments regarding the statute of limitations in his Opposition. Plaintiff's failure to oppose . . . on this basis serves as a concession[.]"). Accordingly, evidence of Ikeddi's gross revenue and profits are excluded for the purpose of proving damages in the form of profits.

VI. PLAINTIFF'S MOTION IN LIMINE NO. 6 TO EXCLUDE THE TESTIMONY OF DEFENDANT'S EXPERT, ANTONIO SARABIA ("MIL No. 6," Dkt. 159).

Plaintiff seeks to exclude the testimony of defendant's expert, Antonio Sarabia ("Sarabia"), on the ground that his testimony is irrelevant. (See MIL No. 6 at 4-6). First, plaintiff contends that the court conclusively ruled in plaintiff's favor regarding the originality of its copyrights, thus precluding Sarabia's testimony regarding the same. (See MIL No. 6 at 4; Court's Order of Nov. 10, 2015, Dkt. 122, at 3-4). But the portion of the Court's Order of November 10, 2015, plaintiff refers to sets forth the case law regarding ownership of copyright; it does not conclusively rule on or discuss "originality." (See Court's Order of Nov. 10, 2015, at 3-4).

Second, plaintiff asserts, relying on Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1004 (2d Cir. 1995), that Sarabia's testimony regarding the differences between the parties' designs should be excluded because "it is not the differences but the similarities that are important." (Dkt. 159, MIL No. 6 at 5). Contrary to plaintiff's assertion, Knitwaves does not state that a jury can assess only the similarities between the copyrighted and accused designs, or that it must ignore any differences. See, generally, Knitwaves, 71 F.3d 996. Indeed, the Knitwaves court discussed at length the differences between the disputed works before it. See id. at 1004 (describing the differences between the copyrighted and accused works and holding "[t]hese differences in detail, while requiring considerable ink to describe, do little to lessen" a finding of substantial similarity).

Third, plaintiff contends that Sarabia should be precluded from testifying that the butterfly designs on plaintiff's copyrighted work are "almost identical to actual butterflies" because "a work may be copyrightable even though it is entirely a compilation of unprotectible elements." (MIL No. 6 at 5) (citing Knitwaves, 71 F.3d at 1004). But that is precisely what Sarabia's testimony is intended to prove – that while plaintiff's arrangement is entitled to copyright protection, plaintiff's representation of butterflies is entitled to less protection because that representation is almost identical to actual butterflies.

Finally, plaintiff contends that Sarabia's testimony should be excluded because expert

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5073 FMO (JCGx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | Disorderly Kids, LLC v. Family Dollar Stores, Inc. | | |

opinion[4] is only relevant to the "extrinsic" portion of the two-part test for assessing substantial similarity, and whether two works are "extrinsically" similar is decided as a matter of law; it is not a factual dispute for a jury to decide. (See MIL No. 6 at 5-6). The court disagrees because "a jury cannot find substantial similarity without evidence on both the extrinsic and intrinsic tests." Bernal, 788 F.Supp.2d at 1059. Accordingly, plaintiff's motion in limine to exclude Sarabia's testimony is denied.

VII. PLAINTIFF'S MOTION IN LIMINE NO. 7 TO EXCLUDE THE TESTIMONY OF DEFENSE WITNESS PETER VITALE ("MIL No. 7," Dkt. 160).

Plaintiff seeks to exclude the testimony of Peter Vitale, an Ikeddi employee, on the grounds of relevancy, prejudice, lack of foundation, and inadmissible hearsay. (See MIL No. 7 at 1-3); Fed. R. Evid. 401, 403, 602 & 802.[5] Specifically, plaintiff objects to Vitale's expected testimony regarding: (1) Ikeddi's relationship with defendant, including lack of access to plaintiff's copyrighted works; (2) Ikeddi's independent creation of defendant's purportedly infringing design; and (3) the absence of substantial similarity between plaintiff's copyrighted designs and defendant's designs.[6] (See id.).

Defendant explains that Vitale will: (1) "corroborate testimony by [defendant's employee,] Sarah Tate[,] and [Ikeddi's employee,] Nicole Coppinger[,] that Ikeddi did not gain access to Plaintiff's works through its relationship with [defendant]"; (2) establish that the purportedly infringing designs were created by Ikeddi by downloading images from a database called Shutterstock; and (3) compare plaintiff's copyright designs with defendant's designs. (See [Defendant's] Opposition to Plaintiff's Motion in Limine No. 7 to Exclude Testimony of Peter Vitale ("Opp. to MIL No. 7," Dkt. No. 163) at 2-5).

Contrary to plaintiff's assertions, Vitale's expected testimony is relevant to negating

---

[4] The court notes that Sarabia is a practicing attorney. (See Declaration of Antonio R. Sarabia II in Support of [Defendant's] Motion for Summary Judgment, Dkt. No. 88-3, at Exh. A) (resume). The court will carefully consider any objection at trial that Sarabia's testimony constitutes improper legal opinion.

[5] Although plaintiff seeks to exclude Vitale's testimony on the grounds of lack of foundation, see Fed. R. Evid. 602, and inadmissible hearsay, see Fed. R. Evid. 802, plaintiff does not explain how Vitale lacks personal knowledge or how his expected testimony constitutes inadmissible hearsay. (See, generally, MIL No. 7).

[6] Plaintiff also seeks to exclude Vitale's testimony regarding authentication of certain documents and contends that it "may be able to stipulate to foundation to eliminate that testimony." (MIL No. 7 at 2). The parties shall meet-and-confer in person regarding the pretrial exhibit stipulation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5073 FMO (JCGx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | Disorderly Kids, LLC v. Family Dollar Stores, Inc. | | |

plaintiff's claim that the creator of defendant's purportedly infringing works had access to plaintiff's copyrights. See Bernal, 788 F.Supp.2d 1043, 1056 (C.D. Cal. 2010) ("Plaintiff cannot create a triable issue of access merely by showing 'bare corporate receipt' of her work by an individual who shares a common employer with the alleged copier."). "[T]he plaintiff must show a sufficient nexus between the individual who possesses knowledge of a plaintiff's work and the creator of the allegedly infringing work." Id. Vitale's expected testimony is also relevant to support defendant's claim that the creator of defendant's purportedly infringing work independently created that work and, therefore, it is not substantially similar to plaintiff's work. See id. at 1059 ("a jury cannot find substantial similarity without evidence on both the extrinsic and intrinsic tests"); Cavalier v. Random House, Inc., 297 F.3d 815, 824 (9th Cir. 2002) ("If the Cavaliers can show that there is a triable issue of fact under the extrinsic test, the intrinsic test's subjective inquiry must be left to the jury and Random House and CTW's motion for summary judgment must be denied."). In short, plaintiff's motion in limine to exclude Vitale's testimony is denied.

## CONCLUSION

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion in Limine No. 1 to Exclude Testimony of Lilliana Carrillo (**Document No. 131**) is **granted in part and denied in part**. To the extent plaintiff seeks to establish access through Carrillo's testimony relating to communications among plaintiff's employees or between plaintiff and defendant without explaining how Ikeddi received plaintiff's designs, Carrillo's testimony is excluded. In all other respects, defendant's motion is denied.

2. Defendant's Motion in Limine No. 2 to Exclude Testimony of Lia J. Mercado (**Document No. 132**) is **granted in part and denied in part**. To the extent plaintiff seeks to establish access through Mercado's testimony relating to communications among plaintiff's employees or between plaintiff and defendant without explaining how Ikeddi received plaintiff's designs, Mercado's testimony is excluded.

3. Defendant's Motion in Limine No. 3 to Exclude Documents not Timely Disclosed (**Document No. 133**) is **granted in part and denied in part**. Renumbered Exhibit Nos. 27, 28, and 31 are excluded. The admissibility of Renumbered Exhibit Nos. 21, 29-30 & 32 will be determined at trial.

4. Defendant's Motion in Limine No. 4 to Exclude Evidence Relating to Designs that are no Longer at Issue (**Document No. 134**) is **denied**.

5. Defendant's Motion in Limine No. 5 to Exclude Evidence of Damages not Timely Disclosed (**Document No. 135**) is **granted in part and denied in part**. Plaintiff's calculation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 12-5073 FMO (JCGx)** | Date | **December 17, 2015** |
|---|---|---|---|
| Title | **Disorderly Kids, LLC v. Family Dollar Stores, Inc.** | | |

profits, including Pretrial Exhibit Stipulation No. 48, are excluded. Plaintiff, however, is not precluded from relying on Ninth Circuit Model Civil Jury Instruction No. 17.24 to calculate profits. Ikeddi's gross revenue and profits from the sale of the New York Screen and Butterfly with Lace Chains Screen t-shirts are also excluded. In all other respects, defendant's motion is denied.

      6. Plaintiff's Motion in Limine No. 6 to Exclude the Testimony of Antonio Sarabia (**Document No. 159**) is **denied**.

      7. Plaintiff's Motion in Limine No. 7 to Exclude the Testimony of Defense Witness Peter Vitale (**Document No. 160**) is **denied**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | vdr | | |