BUCHALTER NEMER
A Professional Corporation
MICHAEL J. MUSE-FISHER (SBN: 253232)
MATTHEW SEROR (SBN: 235043)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Fax: (213) 896-0400
Email: mmuse-fisher@buchalter.com

Attorneys for Plaintiff
DISORDERLY KIDS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISORDERLY KIDS, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>FAMILY DOLLAR, a North Carolina company, DOES 1-10, inclusive<br><br>    Defendants. | Case No. CV 12-5073 FMO (JCGx)<br><br>*Assigned to the Honorable Fernando M. Olguin*<br><br>**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**<br><br>[*Filed concurrently with Declarations of Michael J. Muse-Fisher and Jason Schutzer*] |

BN 20197027v1

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ..................................................................................1

II.   STATEMENT OF FACTS .....................................................................3

    A.   Disorderly Kids' Motivation For Filing the Lawsuit Was Not
        Invidious .....................................................................................3

    B.   Family Dollar Acknowledged That Its Potential Exposure Was
        $10,000.00 And Disorderly Kids' Had Stipulated That It Would
        Not Seek Statutory Damages Or Attorneys' Fees ..............................4

    C.   Family Dollars' Settlement Offers Were Not Objectively
        Reasonable When Made ..............................................................4

    D.   Disorderly Kids' Claims Were Not Frivolous ....................................5

III.  APPLICATION OF THE *FOGERTY* FACTORS DEMONSTRATES
     THAT THIS IS NOT THE PROPER CASE FOR ATTORNEYS' FEES .....5

    A.   Degree of Success Obtained ..........................................................6

    B.   Frivolousness ...............................................................................6

    C.   Motivation ...................................................................................7

    D.   Objective Unreasonableness ...........................................................7

    E.   Consideration and Compensation ....................................................7

IV.  FAMILY DOLLAR'S COUNSEL'S RATES ARE IMPERMISSIBLY
     INFLATED AND THE TOTAL REQUEST IS BEYOND EXCESSIVE .....8

    A.   Counsel's Hourly Rates Are Impermissibly Inflated ..........................9

    B.   The Number of Hours Billed By Counsel Are Excessive On Their
        Face ...........................................................................................12

V.   A LINE ITEM REVIEW OF COUNSEL'S INVOICES
     DEMONSTRATES CONSIDERABLE OVERBILLING ...........................13

    A.   Family Dollar's Counsel Overstaffed The Case ................................13

        1.   David R. Sugden's Fees Of $8,250 Should Be Denied In
            Toto: .............................................................................14

        2.   Peter G. Siachos Fees Of $5,461.28 Should Be Denied In
            Toto: .............................................................................14

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION
FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

**TABLE OF CONTENTS (cont.)**

                                                      **PAGE**

3.     Mark Eisenhut's Fees of $83,605.00 Should Be Denied In Toto: ...................................................................15

B.    Family Dollar's Motion Seeks Fees and Costs That Are Not Recoverable ...............................................................17

    1.     Family Dollar Agreed To Waive Fees and Costs Associated With Lanham Act Claims ......................................17

    2.     Family Dollar's Fee Request Must Be Reduced By 101.5 Hours For Clerical Work.............................................17

    3.     Family Dollar's Fee Request Includes Considerable Duplicate Billing And Overbilling And Should Be Reduced Accordingly ..........................................................18

        a.     300.3 For Analyzing, Strategizing, and Legal Research Is Excessive:...................................18

        b.     80.6 Hours for Three Depositions Is Excessive:............19

        c.     41.8 Hours For Mediation Is Excessive:.......................20

        d.     25 Hours For A Motion For Sanctions Is Excessive:.....20

        **e.**     192.1 Hours On A Motion For Summary Judgment Is Excessive:...................................................20

VI.    ASSUMING, *ARGUENDO*, THAT FAMILY DOLLAR IS ENTITLED TO FEES, A REASONABLE SUM IS $150,000.00...................................21

VII.   CONCLUSION .........................................................22

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

<u>**TABLE OF AUTHORITIES**</u>

<u>**PAGE**</u>

**Cases**

*Apple Corps. V. International Collectors Soc'y,*
25 F.Supp.2d 480 (D. N.J. 1998) ........................................................19

*Ash Grove Cement Co. v. Liberty Mut. Ins.,*
2014 U.S.Dist.LEXIS 27129 (D. Or. 2014) ......................................15

*Bisson-Dath v. Sony Computer Entm't Am. Inc.,*
2012 U.S.Dist.LEXIS 103159 (N.D. Cal. 2012) ................................. 6

*Brod v. Gen. Pub. Grp., Inc.,*
32 F.App'x 231 (9th Cir. 2002) ........................................................... 7

*Brown v. Stackler,*
612 F.2d 1057 (7th Cir. 1980) ...........................................................12

*Cairns v. Franklin Mint Co.,*
292 F.3d 1139 (9th Cir. 2002) ............................................................. 8

*Cobell v. Norton,*
407 F.Supp.2d 140 (D.D.C. 2005) .....................................................19

*Collado v. Toyota Motor Sales, U.S.A., Inc.,*
2011 U.S.Dist.LEXIS 133572 (C.D. Cal. 2011) ................................12

*Crescent Publ'g Group, Inc. v. Playboy Enters.,*
246 F.3d 142 (2d Cir. 2001) ................................................................ 8

*Cush-Crawford v. Adchem Corp.,*
94 F.Supp.2d 294 (E.D.N.Y. 2000)....................................................15

*Essex v. Randall,*
2006 U.S. Dist. LEXIS 682 (D. Md. 2006) .........................................13

*Ets-Hokin v. Skyy Spirits, Inc.,*
323 F.3d 763 (9th Cir. 2003) .........................................................7, 8

*Fogerty v. Fantasy, Inc. ("Fogerty"),*
510 U.S. 517 (1994) ..........................................................1, 5, 7, 22

*Gauchat-Hargis v. Forest River, Inc.,*
2013 U.S. Dist. LEXIS 128508 (E.D. Cal. 2013)...............................18

*Hensley v. Eckerhart,*
461 U.S. 424 (1983) .....................................................................13, 18

*Historical Research v. Carbal,*
80 F.3d 377 (9th Cir. 1996) ................................................................. 5

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

iii

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION
FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

BN 20197027v1

1

## <u>TABLE OF AUTHORITIES (cont.)</u>

<u>PAGE</u>

2

3

*Hunter v. County of Sacramento,*
   2013 U.S. Dist. LEXIS 147540 (E.D. Cal. 2013)...................................18

4

*Karem v. City of Burbank,*
   352 F.3d 1188 (9th Cir. 2003) ............................................................. 6

5

6

*Kourtis v. Cameron,*
   358 Fed.Appx. 863 (9th Cir. 2009) ....................................................... 9

7

*Lumen View Tech., LLC v. Findthebest.com, Inc.,*
   63 F.Supp.3d 321 (S.D.N.Y. 2014)........................................................ 9

8

9

*Missouri v. Jenkins,*
   491 U.S. 274 (1989) ............................................................................17

10

*Perdue v. Kenny A.,*
   559 U.S. 542 (U.S. 2010) ..................................................................... 8

11

12

*Robinson v. Lopez,*
   2003 U.S. Dist. LEXIS 24382 ............................................................... 8

13

*Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.,*
   574 F.3d 852 (7th Cir. 2009) ..........................................................13, 18

14

15

*Shany Co. v. Crain Walnut Shelling, Inc.,*
   2015 U.S.Dist.LEXIS 8006 (E.D. Cal. 2015).............................1, 12, 22

16

*SOFA Ent't v. Dodger Prods., Inc.,*
   709 F.3d 1273 (9th Cir. 2013) ............................................................. 7

17

18

*Sterling Sav. Bank v. Sequoia Crossing,*
   2010 U.S. Dist. LEXIS 82039 (D. Or. 2010) .......................................18

19

*Student Public Int. Research Group of NJ, Inc. v. AT&T Bell Labs,*
   842 F.2d 1436 (3d Cir. 1988)............................................................... 9

20

21

*Video-Cinema Films, Inc. v. Cable News Network, Inc.,*
   2004 U.S. Dist. LEXIS 1428 (S.D.N.Y. 2004)....................................... 9

22

*Walia v. Vivek Purmasir & Assocs.,*
   160 F.Supp.2d 380 (E.D.N.Y. 2000)....................................................19

23

24

*Welch v. Metro Life Ins. Co.,*
   480 F.3d 942 (9th Cir. 2007) ..............................................................18

25

*Yufa v. TSI, Inc.,*
   2015 U.S. Dist. LEXIS 106301 (C.D. 2015)....................................11, 12

26

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

BN 20197027v1

## TABLE OF AUTHORITIES (cont.)

**PAGE**

*Zynga Game Network v. Erkan,*
  2010 U.S. Dist. LEXIS 97676 ............................................................................11

**Statutes**

17 U.S.C. § 505 .................................................................................*passim*

**Other Authorities**

MELVILLE B. NIMMER & DAVID NIMMER ON COPYRIGHT
  § 14.10[C] (2000) ............................................................. 8

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION
FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

BN 20197027v1

## I.    INTRODUCTION

This was a simple copyright dispute. To quote Defendant Family Dollar, Inc.'s ("Family Dollar") statement at the inception of this case, "[t]he material facts in this case are straightforward." [Dkt No. 13-1, 1:18.] Plaintiff Disorderly Kids, LLC ("Disorderly Kids") was ultimately unsuccessful in its claims, as is the fate for some copyright claimants. That is it. Capitalizing on Disorderly Kids' loss, Family Dollar's Motion for Attorneys' Fees "gins up" fees and costs using exaggerations and flat out misrepresentations in the hope of recovering attorneys' fees in the outrageous sum of $566,405, and costs of $70,436.79.

Disorderly kids submits that none should be awarded under 17 U.S.C. § 505, the Supreme Court's *Fogerty* decision, and other applicable case law. As explained in detail below, except for Family Dollar's defense verdict, the *Fogerty* Factors do not support the claim for attorneys' fees. Disorderly Kids' claims were not frivolous; Disorderly Kids' motivation was not invidious; and, there are no policy considerations that support an award of attorneys' fees.

Additionally, "[a] fee request that appears unreasonably inflated is a special circumstance permitting the trial court to … deny one altogether." *Shany Co. v. Crain Walnut Shelling, Inc.,* 2015 U.S.Dist.LEXIS 8006, *9 (E.D. Cal. 2015) [emphasis added]. At trial, Family Dollar contended that gross profits at issue were less than $10,000.00 [Dkt No. 239-6, p. 99:24-25], and Disorderly Kids had stipulated that it would not seek attorneys' fees or statutory damages. Inexplicably, Family Dollar utilized six (6) attorneys and five (5) paralegals, and in so doing purport to have incurred over $630,000 in attorneys' fees and costs. Indeed, Family Dollar had more attorneys and paralegals working on this case than there were witnesses at trial. Similarly, there were only three depositions taken during the entire lawsuit, and less than 1,000 pages of documents produced by both parties.

///

///

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

In addition:

- Family Dollar redacted the actual rates it charged without informing the Court of this crucial fact, and then presented inflated rates to the Court;

- Family Dollar's invoices are replete with duplicate billing entries, block billing, multiple attorneys' working on the same matters where only one attorney was necessary, and considerable time spent on unnecessary and superfluous matters; and,

- Family Dollar is seeking reimbursement of impermissible "costs," including, among other things, beer; alcohol; in-room movies; hotel mini bar purchases; flights from Costa Rica to New York for an attorney who lives in Orange County; three (3) day lodgings in New York for a three hour deposition; $10,000 in hotel costs for counsel during trial (and one attorney appears to have checked into the hotel four days before trial), and $5,000 in travel and lodging for a non-witness and non-attorney to watch the trial.

As provided by the American Intellectual Property Law Association ("AIPLA") 2015 Report of the Economic Survey, in 2015 the average amount of attorneys' fees and costs incurred through trial was $250,000.00 in copyright lawsuits where less than $1,000,000 in damages were sought. [Declaration of Michael J. Muse-Fisher ("Muse-Fisher Decl."), Exh. 1, p. 3.] While Family Dollar's inflated fee request warrants a denial of all fees, in the event the Court intends to grant Family Dollar its attorneys' fees, the proper amount is closer to $150,000.00, although under the circumstances, even this amount seems excessive.

///
///
///
///

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

## II.   STATEMENT OF FACTS

### A.   Disorderly Kids' Motivation For Filing the Lawsuit Was Not Invidious

This is the only copyright lawsuit ever instituted by Disorderly Kids. [Declaration of Jason Schutzer ("Schutzer Decl."), ¶ 2.] Family Dollar attempts to take one incomplete quote out of context to fabricate a narrative that somehow this lawsuit is predicated on "revenge." [*See* Dkt No. 235-1, 5:12.] A complete review of the testimony of Jason Schutzer, however, shows that the reason for the lawsuit was that Disorderly Kids believed Family Dollar had taken its designs:

> Q. You were upset, though, that your business had gone significantly down after your employees went to Hybrid; correct?
>
> A. Of course, I never want to lose business. I was more upset at the reasons for it.
>
> Q. And the reasons for it as you have since learned have nothing to do with Ikeddi or the designs at issue in this case, do they?
>
> A. They have to do with Family Dollar giving the designs to Ikeddi." [Trial Transcript ("TT") at Dkt # 239-2, p. 109:20-110:4 (emphasis added).]

There was no bad faith. The simple fact is that Disorderly Kids was attempting to enforce its copyrights because it believed Family Dollar had taken its designs without permission.

In similar disingenuous fashion, Family Dollar contends that Disorderly Kids intended to "harass" Family Dollar by not naming Family Dollar's supplier, Ikeddi, as a defendant, even though all parties knew that Ikeddi, and not Family Dollar, was paying for the defense. [Dkt No. 235-1, 13:13-18.] How Family Dollar could have been harassed when it did not pay any of the defense costs defies logic. Inapposite to Family Dollar's speculations, Ikeddi was not named as a defendant because Ikeddi is a New York Corporation, and Disorderly Kids did not see a clear way to establish personal jurisdiction over Ikeddi.

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

**B.**  **Family Dollar Acknowledged That Its Potential Exposure Was $10,000.00 And Disorderly Kids' Had Stipulated That It Would Not Seek Statutory Damages Or Attorneys' Fees**

At trial, Family Dollars' counsel acknowledged that "gross profits" for the infringing garments was $109,000.00 and $69,696.00, respectively, but that the actual profits attributable to the infringement was $1,052.61 and $795.64. [Dkt # 239-6, 99:22-100:6; 239-6, 103:22-104:3.]

Further, on May 21, 2013, Disorderly Kids stipulated that it would not pursue statutory damages or attorneys' fees. [Dkt #64,  p. 3, ¶ 8.]

**C.**  **Family Dollars' Settlement Offers Were Not Objectively Reasonable When Made**

In support of its Motion, Family Dollar's counsel attaches two settlement offers made to Disorderly Kids – a walkaway offer on February 26, 2013 [Dkt # 235-9, p. 6] and Family Dollar's demand for payment of $250,000.00 on April 15, 2014. [Dkt #235-3, pp. 6-7.] However, neither of these offers was objectively reasonable when made.

The February 26, 2013 "walk away" offer was made before Family Dollar had produced all discovery and before any depositions had been taken to corroborate the contentions of Family Dollar. [Muse-Fisher Decl., ¶ 8.] Similarly, the demand for payment of $250,000.00 was patently unreasonable. At the time of this offer, the Court had granted partial summary judgment, and Disorderly Kids still had two remaining claims on which the Court acknowledged a reasonable jury could find in favor of Disorderly Kids. The amount requested was grossly inflated, as shown by counsel's fee request in a similar case. There, summary judgment had been granted as to all claims, but counsel only incurred $122,924.52 in legal fees and costs. [Muse-Fisher Decl., Exh. 2, p. 003, ¶ 6.] Thus, Family Dollar could not reasonably have believed that its Settlement Offer was in good faith when Disorderly Kids still had viable claims and its demand for fees was grossly inflated.

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

### D.    Disorderly Kids' Claims Were Not Frivolous

Following Disorderly Kids' case in chief, the Court held, in response to Family Dollars' Motion for Directed Verdict, that "there is sufficient evidence for a jury to consider whether the creator of Family Dollar's accused design had access to Disorderly Kids' copyrights." [Dkt # 239-5, 6:19-25.] The Court also acknowledged that "a reasonable jury could reach the conclusion that defendant infringed." [Dkt # 239-5, 7:5-8.] Finally, prior to the jury's verdict, the Court received a note as to whether "the Court needs a unanimous verdict from eight jurors, or will six jurors render a unanimous verdict?" reflecting that there were disagreements even between jurors on the claims. [Dkt # 239-7, 5:4-8.]

### III.    APPLICATION OF THE *FOGERTY* FACTORS DEMONSTRATES THAT THIS IS NOT THE PROPER CASE FOR ATTORNEYS' FEES

17 U.S.C. §505 authorizes the Court, in its discretion, to allow the recovery of "reasonable attorney's fees" to the prevailing party in a copyright lawsuit. 17 U.S.C., § 505. However, an award of attorney's fees under the Copyright Act is a matter of discretion, not of right. *Fogerty v. Fantasy, Inc. ("Fogerty"),* 510 U.S. 517, 533 (1994). Under Section 505, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Id.* at 534. "There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised." *Id.*

In determining whether, and how extensively, courts should exercise discretion, "[d]istrict courts should consider, among other things, [1] the degree of success obtained; [2] frivolousness; [3] motivation; [4] objective unreasonableness (both in the factual and legal arguments in the case); and [5] the need in particular circumstances to advance considerations of compensation and deterrence." *Historical Research v. Carbal,* 80 F.3d 377, 378 n. 1 (9th Cir. 1996).

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

Here, the factors tip in favor of denying Family Dollar's fee request, especially where, as here, Disorderly Kids had stipulated early on in the litigation that it would not seek its fees.

## A.    Degree of Success Obtained

Disorderly Kids does not dispute that Family Dollar was successful.

## B.    Frivolousness

"A claim is not frivolous" under the Copyright Act "merely because it is unsuccessful." *Bisson-Dath v. Sony Computer Entm't Am. Inc.,* 2012 U.S.Dist.LEXIS 103159, *5 (N.D. Cal. 2012). Further, "the fact that Plaintiffs declined to voluntarily dismiss their case after reviewing this correspondence does not support a finding of frivolousness. It is not surprising or unusual for a party to reject an adversary's assessment of its case." *Id.* at *6. A case is deemed frivolous only when the "arguments are wholly without merit." *Karem v. City of Burbank,* 352 F.3d 1188, 1195 (9th Cir. 2003).

At the outset of this litigation, Disorderly Kids believed, in good faith, that Family Dollar had infringed its designs. Disorderly Kids had previously been providing finished garments to Family Dollar with particular designs. Family Dollar chose to use a different vendor, and Disorderly Kids thereafter discovered that Family Dollar was continuing to sell garments with substantially similar designs to those previously acquired from Disorderly Kids. Before instituting a lawsuit, Disorderly Kids confirmed with the Copyright Office that the designs in question were copyrightable (and acquired copyright registrations), and then sued Family Dollar when Family Dollar refused to respond to its inquiries.

Additionally, throughout Disorderly Kids' case in chief, the Court still acknowledged that "a reasonable jury could reach the conclusion that defendant infringed." [Dkt # 239-5, 7:5-8.] And, it appears at least two of the jurors were hesitant to side with Family Dollar after the parties rested their respective cases.

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

1  Disorderly Kids claims were not "frivolous," and this factor weighs in favor
2  of Disorderly Kids.

3  **C.    Motivation**

4  The third *Fogel* factor also weighs in favor of denying an award of attorneys'
5  fees. Although Family Dollar goes to great lengths to create a fictitious narrative
6  that Disorderly Kids' claims were predicated on "revenge," the facts show this is
7  simply not true. Disorderly Kids attempted to enforce its copyrights because it
8  believed Family Dollar had taken its designs without permission. To be sure, this is
9  only copyright lawsuit ever filed by Disorderly Kids. [Schutzer Decl., ¶ 2.]

10  **D.    Objective Unreasonableness**

11  A claim is objectively unreasonable where the party advancing it "should
12  have known from the outset that its chances of success in [the] case were slim to
13  none." *SOFA Ent't v. Dodger Prods., Inc.,* 709 F.3d 1273, 1280 (9th Cir. 2013).

14  Disorderly Kids decision to bring its claims were objectively reasonable at
15  the outset of the litigation. Indeed, two claims remained objectively reasonable even
16  through trial. Thus, this factor weighs in favor of Disorderly Kids.

17  **E.    Consideration and Compensation**

18  The last *Fogerty* factors weighs in favor of a denial of attorneys' fees award.
19  When looking at this factor, courts must be careful not to discourage artists "from
20  defending copyrights in original works due to the treat of attorney's fees." *Brod v.*
21  *Gen. Pub. Grp., Inc.,* 32 F.App'x 231, 236 (9th Cir. 2002). Similarly, the relative
22  financial strength of the parties, and whether the amount requested is excessive in
23  light of the losing party's resources, are factors to consider. *Ets-Hokin v. Skyy*
24  *Spirits, Inc.,* 323 F.3d 763, 766 (9th Cir. 2003).

25  Here, should Disorderly Kids be hit with a large attorneys' fees award, it
26  could be financially ruinous. [Schutzer Decl., ¶ 3.] Conversely, Family Dollar
27  Stores, Inc. is a publically traded company (NYSE: FDO) with a most recent
28  market        capitalization        of        $9.09        billion.        [*See*

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION
FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

http://finance.yahoo.com/q?s=FDO&fr=uh3_finance_web&uhb=uhb2]. As such, its counsel's legal fees will not even reflect on its balance sheet.

Thus, this factor weighs in favor of Disorderly Kids and a denial of an attorneys' fees award.

"The only factor to weigh in [Family Dollar's] favor is the degree of success obtained. The remaining factors are either neutral or favor the denial of fees." *Ets-Hokin v. Skyy Spirits, Inc., supra,* 323 F.3d at 766. "A district court's fee award does not constitute an abuse of discretion unless it is based on an inaccurate view of the law or a clearly erroneous finding of fact." *Id.* For the foregoing reasons, a denial of Family Dollar's fee request is proper.

## IV.    FAMILY DOLLAR'S COUNSEL'S RATES ARE IMPERMISSIBLY INFLATED AND THE TOTAL REQUEST IS BEYOND EXCESSIVE

In proper cases, 17 U.S.C., § 505 authorizes "reasonable" attorneys' fees to the prevailing party. "Reasonable" fees, as contemplated by Section 505, do not permit the amount to include a penalty. *Robinson v. Lopez,* 2003 U.S. Dist. LEXIS 24382, *8-9. Indeed, "[t]he amount of such fee (as distinguished from the reason for its award…) should be based upon the reasonable value of the services rendered without adding any additional amount by way of penalty." *Crescent Publ'g Group, Inc. v. Playboy Enters.,* 246 F.3d 142, 151 (2d Cir. 2001) (*quoting* MELVILLE B. NIMMER & DAVID NIMMER ON COPYRIGHT § 14.10[C], at 14-145 to 14-146 & n. 15 (2000) [emphasis added].) "A "reasonable" fee is a fee that is sufficient to induce a capable attorney to undertake the representation…but that does not produce windfalls to attorneys." *Perdue v. Kenny A.*, 559 U.S. 542, 552 (U.S. 2010)

In calculating the reasonable attorney's fees, the Court must consider both (1) the reasonableness of the hourly billing rate charged and (2) the number of hours required. *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1157 (9th Cir. 2002). The Court may perform across-the-board percentage reductions in appropriate circumstances. *See Lumen View Tech., LLC v. Findthebest.com, Inc.,* 63 F.Supp.3d

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

321, 324 (S.D.N.Y. 2014) ["across the board percentage cut in hours can be employed when a fee reduction is appropriate."]

### A.    Counsel's Hourly Rates Are Impermissibly Inflated

"[I]n most cases, [t]he lawyers' actual billing rates reflect market rates – they provide an efficient and fair short cut for determining the market rate." *Student Public Int. Research Group of NJ, Inc. v. AT&T Bell Labs,* 842 F.2d 1436, 1445 (3d Cir. 1988). The Ninth Circuit has expressly approved reliance on the "actual rates charged" as a reasonable basis from which a Court should calculate a fee award under Section 505. *See Kourtis v. Cameron,* 358 Fed.Appx. 863, 868 (9th Cir. 2009) ["The district court's calculation of an attorney's fee award… based on the actual rates charged by [prevailing party's] attorneys was reasonable under 17 U.S.C. § 505."] The reason that the actual rates charged by the prevailing party's counsel are so integral to the determination is that fee awards under Section 505 <u>are awarded to the prevailing party, not the attorney</u>, and "a fee award should not amount to a windfall for the prevailing party." *Video-Cinema Films, Inc. v. Cable News Network, Inc.,* 2004 U.S. Dist. LEXIS 1428, * 14-15 (S.D.N.Y. 2004).

Here, Family Dollar's counsel – without informing the Court – redacted their actual hourly rates from the invoices attached to the Declaration of Scott Shaw and then inflated rates in the hopes of receiving the type of windfall not permitted under Section 505. We know this to be so because Family Dollar's counsel filed a Motion for Attorneys' fees in another copyright case in the Central District, *LA Printex v. CSI Industries,* Case No. 2:10-cv-02102 (the "<u>LA Printex Case</u>"), and the invoices attached to that Motion are identical to the ones filed in this case, except in that case the rates are included. (*See* Declaration of Muse-Fisher Decl., Exh. 2.) By way of example:

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

## Counsel's Invoices In This Case With Rates Redacted



[Dkt No. 237-1, p. 2.]

## Counsel's Invoices In LA Printex Case With Rates Included



[Muse-Fisher Decl., Exh. 2, p. 046.]

Tellingly, the Motion for Attorneys' Fees in the LA Printex case provides that in 2011 Scott Shaw's rate was $385.00/hour, Aaron Renfro's was $290.00/hour, and Sam Brooks' rate was $270.00/hour. [1] (*Id.* at p. 046.) To be sure, Mr. Shaw even stated, under penalty of perjury, that "[Call & Jensens'] billing rates are consistently 1/3 or more lower than comparable large firms, and are low in comparison to small to mid-size firms with similar qualities." [Muse-Fisher Decl., Exh. 2, p. 3, ¶ 7.]

However, in this action – filed only one (1) year later – these same attorneys' rates purportedly increased by over $110 or more each (Shaw is seeking $500/hour, Renfro $400/hour, and Brooks $375/hour.) [*See* Shaw Decl., ¶ 10, Dkt # 235-2.]

Counsel's own report of associate billing rates filed in support of its Motion corroborates that the average billing rate for associates in Orange County (where Family Dollar's counsel is located) is $288.00/hour, which is in line with

---

[1] These rates are commensurate with junior associates like Renfro and Brooks who graduated in 2007 and 2010, respectively.

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

the actual rates incurred by counsel in the LA Printex case, but not the rates sought in this action:



**Associate - Billing Rates**

| Location | Firms | Incumbents | Average | 10th Percentile | 25th Percentile | Median | 75th Percentile | 90th Percentile |
|---|---|---|---|---|---|---|---|---|
| Downtown LA | 29 | 455 | $382 | $185 | $223 | $375 | $490 | $610 |
| Century City & Adjacent | 30 | 276 | $420 | $300 | $350 | $415 | $475 | $558 |
| West LA | 16 | 129 | $312 | $165 | $190 | $310 | $395 | $525 |
| San Fernando Valley | 11 | 78 | $332 | $168 | $202 | $348 | $400 | $501 |
| Orange County | 29 | 270 | $319 | $184 | $218 | $288 | $374 | $490 |
| Other | 7 | 64 | $258 | $165 | $191 | $250 | $316 | $350 |

[*See* Dkt # 235-3, p. 16 [Shaw Decl. Exh. 4] (emphasis added).]

Similarly, counsel's own supporting documents show that the median hourly rate for shareholders in Orange County is $477.00/hour. [*Id.* at p. 14.] Therefore, should the Court be inclined to award some amount of attorneys' fees, the proper hourly rate for Messrs. Brooks and Renfro is $290.00/hour, and the properly hourly rate for Mr. Shaw is $400/hour, as this closer approximates these attorneys' rates in other fee request motions for similar copyright cases. With respect to Family Dollar's paralegal rates, Family Dollar fails to provide any information as to the paralegals' background or experience, instead asking for a flat $200/hour for all five paralegals. As this Court previously held, in such situations the hourly rate for a paralegal should be $75.00/hour. *See Yufa v. TSI, Inc.,* 2015 U.S. Dist. LEXIS 106301, *16 (C.D. 2015).

Redacting their actual hourly rates, and then providing inflated hourly rates and declaring that such rates are "standard rates for the timekeepers" [Dkt # 235-2, ¶ 10] is highly problematic, to say the least.[2] In so doing, Family Dollars' counsel is seeking the type of windfall and penalty precluded under Section 505. Accordingly, Family Dollars' motion should be denied, or at a very minimum, the rates requested should be greatly reduced.

---

[2] A party who "fails to attach actual billing records" risks having a fee motion denied altogether. *Zynga Game Network v. Erkan,* 2010 U.S. Dist. LEXIS 97676, *4-5.

**B.    The Number of Hours Billed By Counsel Are Excessive On Their Face**

"A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether." *Shany Co. v. Crain Walnut Shelling, Inc.,* 2015 U.S.Dist.LEXIS 8006, *9 (E.D. Cal. 2015) [emphasis added]; *Collado v. Toyota Motor Sales, U.S.A., Inc.,* 2011 U.S.Dist.LEXIS 133572, *14 (C.D. Cal. 2011) ["law further encourages the prevailing party to seek reasonable attorneys' fees, and courts are permitted to reduce fees when an outrageously unreasonable fee has been requested."] The logic behind denying an inflated fee demand altogether is straightforward:

> "If… the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place. To discourage such greed, a severer reaction is needful…"
> *Brown v. Stackler,* 612 F.2d 1057, 1059 (7th Cir. 1980).

According to the American Intellectual Property Law Association Report of the Economic Survey 2015 (the "AIPLA Report")[3], in 2015 the median litigation costs, inclusive of costs, through trial was $250,000.00, for copyright infringement cases where damages were less than $1,000,000. (Muse-Fisher Decl., Exh. 1, p.3.) Yet, here, in a case where Plaintiff had stipulated that it would not seek attorneys' fees or statutory damages and Family Dollar's counsel believed that Family Dollar's total exposure was less than $10,000.00, counsel is seeking $566,405 in fees, and costs of $70,436.79. Thus, without even delving into a review of the actual time spent by Family Dollars' counsel, it is patently clear that the fees and costs sought by Family Dollar are impermissibly inflated and should be greatly reduced, if not denied altogether.

---

[3] This court previously acknowledged the usefulness of the AIPLA Reports. *See Yufa v. TSI Incorporated, supra,* 2015 U.S. Dist. LEXIS 106301, at p. *13.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

**V.    A LINE ITEM REVIEW OF COUNSEL'S INVOICES DEMONSTRATES CONSIDERABLE OVERBILLING**

Speaking directly to the issue of number of hours claimed to have been devoted to a case, "[t]he district court . . . should exclude from this initial fee calculation hours that were not "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "Cases may be overstaffed, and the skill and experience of lawyers vary widely. <u>Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.</u>" *Id.* [emphasis added.] "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id. at 434* (citations omitted).

**A.    Family Dollar's Counsel Overstaffed The Case**

"[O]verstaffing cases inefficiently is common, and district courts are therefore encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees." *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 858 (7th Cir. 2009); *See also, Essex v. Randall*, 2006 U.S. Dist. LEXIS 682 (D. Md. 2006)["[t]here is no indication that Plaintiffs made any attempt to exercise "billing judgment" and delete excessive hours. Moreover, it is clear that this case was overstaffed - the requested attorneys' fees totaled more than $ 50,000, yet the relief sought was less than $ 20,000."]

Here, Family Dollars' counsel seeks to recover fees and costs incurred by ten (10) different billers – three (3) shareholders, one (1) contract attorney, two (2) associates, and five (5) paralegals. [Dkt # 253-2, p. 4; 253-3, pp. 27-4 (Shaw Decl.), ¶ 10, Exh. 5.] As the Court may recall, Family Dollars' total exposure in this action was less than $175,000, and there were only three (3) depositions and less than

1000 pages of documents produced during the life of the litigation. Indeed, there were only seven (7) witnesses called during the two (2) days of trial testimony. [Dkt # 239.]

### 1. David R. Sugden's Fees Of $8,250 Should Be Denied In Toto:

Mr. Shaw represents that the reason David Sugden – a shareholder who purportedly bills out at $500/hour – was brought into the case was because during the litigation Mr. Shaw "was frequently traveling abroad." [Dkt # 235-2, ¶ 9.] However, a review of Mr. Sugden's bills shows this explanation is entirely pretextual. [Muse-Fisher Decl., ¶¶ 10-11, Exh. 3.] More importantly, Mr. Sudgen's bills also show that he billed for unnecessary work and his efforts were duplicative of other attorneys also working on this case. [*Id.* at ¶ 12 (a)-(b).] By way of example, Mr. Sudgen billed for time researching a motion that had been filed two weeks prior [*Id.* at ¶ 12 (a)(i)], and spent 2.30 hours preparing for, and 6.40 hours attending, a mediation, notwithstanding that three (3) other people also billed "preparing" for the mediation, Mr. Brooks also attended the mediation, and the mediation only lasted four hours, not six hours. [*Id* at ¶ 12(b)(iii).]

### 2. Peter G. Siachos Fees Of $5,461.28 Should Be Denied In Toto:

Family Dollar seeks fees and costs totaling $5,461.28 for Peter Siachos, a shareholder (billing rate $450/hour), and Sara Wilhelm, a paralegal (billing rate $245/hour). [Dkt # 237-9, p. 6.] However, Mr. Siachos is not counsel for Family Dollar – he is employed with another law firm, Gordon & Rees – and was only utilized to chaperone Nicole Coppinger while she appeared as a witness at trial via video-conferencing. [Dkt # 235-2, ¶ 9.] Ms. Coppinger was allowed to appear via video-conferencing as an accommodation to Family Dollar. [*See* Dkt # 123.] Yet, Family Dollar now seeks to require Disorderly Kids to pay for this accommodation. Moreover, Mr. Siachos' and Ms. Wilhelm's bills are duplicate of Mr. Shaw's and

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

other attorneys' times. [Muse-Fisher Decl., ¶ 13, Exhs. 5-6.] Indeed, Mr. Siachos' bills are replete with references to correspondence and conferences with Mr. Shaw; and Mr. Shaw's bills include the same information. [*Id.* at ¶ 13, Exh. 5, 6.] The remainder of the time is for Mr. Siachos' travel. Meaning, therefore, that not only is Family Dollar seeking to recover from Disorderly Kids for time that is not recoverable in an attorneys' fees motion, but Family Dollar is seeking to double bill for this unpermitted time.

Finally, Family Dollar's counsel asserted that "because Family Dollar no longer has any control or sway over [Coppinger], Family Dollar cannot produce [her] at trial." [*See* Dkt # 123, at p. 16.]  Thus, if Mr. Siachos was present for Ms. Coppinger's benefit, Ms. Coppinger should be responsible for these expenses, not Family Dollar (nor by extension, Disorderly Kids).

### 3.    Mark Eisenhut's Fees of $83,605.00 Should Be Denied In Toto:

"[A party is] within its right to hire multiple attorneys. <u>But that does not mean that the expenses resulting from multiple attorneys should be shifted to the [losing party]</u>." *Ash Grove Cement Co. v. Liberty Mut. Ins.,* 2014 U.S.Dist.LEXIS 27129, *16, 28 (D. Or. 2014) [court only allowed party seeking attorneys' fees to recover for only two of the three attorneys who appeared at trial]. For a simple case, having three attorneys and one paralegal present at every day of trial is unreasonable. *See e.g., Cush-Crawford v. Adchem Corp.,* 94 F.Supp.2d 294, 301 (E.D.N.Y. 2000) ["three attorneys were present at the [party's] counsel table throughout most of the trial. Given that this was a fairly simple case, involving no novel issues of law or complex documentary evidence, the Court finds that overstaffing of the case by the Plaintiff to be unreasonable. <u>At most, trial of the Plaintiff's claims required the services of one partner and one associate</u>."]

Here, there is no question that this was a simple case, rendered even simpler by the time of trial. Indeed, only two designs were at issue by the time of trial – the

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

New York Screen and the Butterfly Lace Chains screen. And, Disorderly Kid's total damages, as acknowledged by Family Dollar's counsel, was $109,000.00, without a claim for attorneys' fees or statutory damages. Yet, Family Dollar had three (3) attorneys and at least one (1) paralegal present during the entire trial – Scott Shaw, Mark Eisenhut, Sam Brooks and Mariam Yusuf. [*See* Dkt # 235-6, pp. 22-25.] If were to believe Family Dollar's counsel's purported billing rates – which as explained above, the rates are assuredly inflated – the use of these four individuals at trial cost $1,650 per hour. [Dkt #235-2, ¶ 10.] Contrast this to Disorderly Kids' one (1) attorney present at trial.

Mr. Shaw's explanation for bringing Mark Eisenhut (purported rate- $575/hour) in for trial was that he has "extensive jury trial experience." (Dkt # 235-2, ¶¶ 9-10.) However, Mr. Shaw's firm bio provides that "[Mr. Shaw] is a seasoned trial lawyer with a multitude of wins for his clients," as well he should be if he commanding $500/hour in attorneys' fees. [Muse-Fisher Decl., Exh. 7 (emphasis added).] Accordingly, even if Family Dollar were to have staffed the trial with two attorneys, Mr. Shaw and Mr. Brooks, and one paralegal, this is borderline unreasonable based on the simple nature of the litigation.

Further, a review of Mr. Eisenhut's time entries shows that every activity he undertook was duplicative of Mr. Shaw's and Mr. Brooks' time. [*See* Muse-Fisher Decl., ¶15, Exh. 8.] By way of example, on January 8, 2016 Mr. Eisenhut, Mr. Shaw and Mr. Brooks all billed for "prepar[ing] witness outlines," "analysis" and "trial strategy." [Muse-Fisher Decl., Exh.8, pp. 009-10.]

The involvement of Mr. Eisenhut in this litigation and at trial was unreasonable, unnecessary, and duplicative. Thus, under any scenario, Family Dollar should not be entitled to recover any of Mr. Eisenhut's fees totaling $83,605.00.

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

**B.**     **Family Dollar's Motion Seeks Fees and Costs That Are Not Recoverable**

Even if, *arguendo,* Family Dollar were entitled to attorneys' fees, its fee request must be reduced substantially due to overbilling, duplicate billing, block billing, billing for clerical tasks, and billing for matters for which Family Dollar expressly agreed to waive fees and costs.

**1.**     **Family Dollar Agreed To Waive Fees and Costs Associated With Lanham Act Claims**

As set forth in the Joint Stipulation To File Second Amended Complaint, the parties stipulated that "Plaintiff will drop its claims for unfair competition in violation of Lanham Act… in exchange for <u>Defendant's waiver of only the costs and attorneys' fees associated with that claim</u>." [Dkt # 40, 1:24-27.] Yet, the invoices submitted include 6.1 hours for Lanham related work [Muse-Fisher Decl., ¶ 16, Exh. 9], in addition to considerable other billing entries that pertain to the Lanham claims. [Muse-Fisher Decl., Exh. 10.] By way of example, one-quarter (1/4) of Family Dollars' Motion for Judgment on the Pleadings pertained to the Lanham Act claims, and Family Dollar's counsel spent 24.1 hours on the Motion for Judgment on the Pleadings. [Muse-Fisher Decl., ¶ 17; Exh. 10.] Meaning, therefore, that 6.1 hours should also be denied.

*Total Reduction for Lanham Claims – 12.2 hours.*

**2.**     **Family Dollar's Fee Request Must Be Reduced By 101.5 Hours For Clerical Work**

"[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer] rate, regardless of who performs them." *Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10 (1989). "Costs associated with clerical or "secretarial" tasks are typically considered overhead expenses reflected in the hourly billing rate and are not properly included in the lodestar analysis, even at the reduced hourly rate of a paralegal." *Gauchat-Hargis v. Forest River, Inc.*, 2013 U.S. Dist. LEXIS 128508,

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

*16 (E.D. Cal. 2013); *See also, Hunter v. County of Sacramento,* 2013 U.S. Dist. LEXIS 147540, * 20-21 (E.D. Cal. 2013). "Such excludable tasks include proofreading, indexing and assembling documents," as well as "filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents." *Gauchat-Hargis, supra,* 2013 U.S.Dist. LEXIS 128508 at * 16; *See also, Sterling Sav. Bank v. Sequoia Crossing*, 2010 U.S. Dist. LEXIS 82039, *19-20 (D. Or. 2010).

Here, Family Dollar's counsel billed for 101.5 hours of clerical time. [Muse-Fisher Decl., ¶ 18, Exh. 11.]

*Total Reduction for Clerical Time – 101.5 hours.*

**3.      Family Dollar's Fee Request Includes Considerable Duplicate Billing And Overbilling And Should Be Reduced Accordingly**

"Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, *supra,* 461 U.S. at p. 434. "[D]istrict courts are… encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees." *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, *supra,* 574 F.3d at p. 858. Here, Family Dollar's Fee Motion includes a considerable amount of excessive and duplicative billing entries:

a.      300.3 For Analyzing, Strategizing, and Legal Research Is Excessive:

Reducing hours spent "analyzing" a case is "precisely the kind of assessment that is entitled to considerable deference because of the district court's superior understanding of the litigation." *Welch v. Metro Life Ins. Co.,* 480 F.3d 942, 949 (9th Cir. 2007) [citations omitted.] Court's should also reduce or deny fees for excessive or cryptic time entries spent "researching" or "strategizing." *See e.g.,*

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

*Cobell v. Norton,* 407 F.Supp.2d 140, 159 (D.D.C. 2005) ["[t]he Court will disallow hours for such activities as 'research,' … and 'strategize'…"]; *See also, Walia v. Vivek Purmasir & Assocs.,* 160 F.Supp.2d 380, 396-397 (E.D.N.Y. 2000) [reducing fees for excessive time spent on legal research is appropriate]. Indeed, "[a] fee applicant cannot demand a high hourly rate--which is based on his or her experience, reputation, and a presumed familiarity with the applicable law--and then run up an inordinate amount of time researching that same law." *Apple Corps. V. International Collectors Soc'y,* 25 F.Supp.2d 480, 490 (D. N.J. 1998).

Family Dollar's counsel spent 300.3 hours "analyzing," "strategizing," and conducting "legal research." [Muse-Fisher Decl., ¶ 19, Exh. 12.] Yet, this case did not present novel issues, and counsel are self-proclaimed specialists in copyright law. It is true that much of the entries for these tasks are redacted, but Family Dollar bears the burden of proving its right to fees, and therefore such indecipherable entries should either be reduced considerably or denied altogether.

A reasonable amount of time "analyzing," "strategizing," and conducting "legal research" on a case such as this one is 100 hours.

*Thus, Family Dollar's fee request should be reduced by 200.3 hours.*

> b.    80.6 Hours for Three Depositions Is Excessive:

Notwithstanding that there were only three (3) depositions taken during the entire litigation, Family Dollar's Counsel spent 80.6 hours on deposition related activities. [Muse-Fisher Decl., ¶ 20, Exh. 13.] Of these depositions, Family Dollar only took one (1) of them, and defended the other two (2). For the two depositions that Family Dollar defended, Nicole Coppinger's Deposition lasted 3.5 hours and Sarah Tate's deposition lasted 3 hours.

A reasonable amount of time for such minimal depositions is fifteen (15) hours for the deposition taken by Family Dollar's counsel, ten (10) hours for Tate's deposition, and ten (10) hours for Coppinger's deposition, for a total of thirty-five hours.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 20197027v1

19

PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.

*Thus, Family Dollars fee request should be reduced by 45.6 hours.*

c.    <u>41.8 Hours For Mediation Is Excessive</u>:

Family Dollar's counsel spent 41.8 hours on mediation, including two attorneys billing six (6) or more hours for attending the mediation, notwithstanding that the mediation was only four (4) hours long. [Muse-Fisher Decl., ¶ 21, Exh. 14.]

A reasonable amount of time for preparation and attending the mediation should be closer to 10 hours.

*Thus, Family Dollar's fee request should be reduced by 31.8 hours.*

d.    <u>25 Hours For A Motion For Sanctions Is Excessive</u>:

Family Dollar's counsel spent 25 hours on a sanctions motion that was denied by the Court. [Muse-Fisher Decl., ¶ 22, Exh 15.]

A reasonable amount of time for a motion for sanctions, especially one that is denied, is 10-12 hours.

*Thus, Family Dollar's fee request should be reduced by thirteen (13) hours.*

**e.**    <u>192.1 Hours On A Motion For Summary Judgment Is Excessive</u>:

Family Dollar spent 192.1 hours on Motion for Summary Judgment related activities. [Muse-Fisher Decl., ¶ 23, Exh. 16.] And, much of the time entries are duplicative. [*Id.*]

In Mr. Shaw's own words, he has "worked on over 150 copyright cases." [Dkt # 235-3, p. 7.] Nothing about this case was exception. It should not have taken Family Dollar's counsel 192.1 hours on a Motion for Summary Judgment. Rather, a reasonable amount of time for such a Motion is 80 hours, and this is likely being generous.

*Thus, Family Dollar's fee request should be reduced by 112.1 hours.*

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**

## VI.   ASSUMING, *ARGUENDO*, THAT FAMILY DOLLAR IS ENTITLED TO FEES, A REASONABLE SUM IS $150,000.00

| | |
|---|---|
| Hours Sought By Family Dollar | 1,408.50 hours[4] |
| Reduction of all Mr. Eisenhut's hours | (145.40 hours) |
| Reduction of all Mr. Sudgen's hours | (16.50 hours) |
| Reduction for Lanham Act claims | (12.2 hours) |
| Reduction for clerical work | (101.5 hours) |
| Reduction for excessive "analyzing," "strategizing" & "research" | (200.3 hours) |
| Reduction for excessive deposition time | (45.6 hours) |
| Reduction for Mediation | (31.8 hours) |
| Reduction for Motion for Sanctions | (13 hours) |
| Reduction for Motion for Summary Judgment | (112.1 hours) |
| Reasonable Amount of Hours | 730.1 hours |

The reasonable amount hours of 730.1 is 51.83% of the total hours claimed by Family Dollar.[5] 51.83% of the total dollar amount of fees is $293,567.71.[6] This amount should be reduced further by 1/3 because of counsel's inflated hourly rate (which Mr. Shaw previously stated under penalty of perjury was "1/3 or more lower than comparable large firms, and are low in comparison to small to mid-size firms with similar qualities." [Muse-Fisher Decl., Exh. 2, p. 003, ¶ 7.]

One-third of $293,567.71 is $193,754.69. The lodestar analysis allows a Court to further reduce fees for simple cases. Here, the case was simple, Family Dollar's damages exposure was limited and Disorderly Kids had stipulated to no attorneys' fees or statutory damages.

Accordingly, in the event the Court were to believe an attorneys' fee award was warranted, the reasonable amount should be $150,000.00.

---

[4] *See* Dkt # 235-3, p. 22.
[5] 730.1/1,408.50= 51.83%
[6] $566,405.00 * 51.83% = $293,567.71

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 20197027v1

21

PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.

## VII.  CONCLUSION

For the foregoing reasons, the Court should deny Family Dollar's fee award. The *Fogerty* Factors weigh against awarding attorneys' fees. Additionally, counsel's unreasonably inflated fee request is reason alone to deny Family Dollar's fee request, altogether. *Shany Co. v. Crain Walnut Shelling, Inc.,* 2015 U.S.Dist.LEXIS 8006, *9 (E.D. Cal. 2015).


DATED:  February 18, 2016        BUCHALTER NEMER
                                 A Professional Corporation


                                 By: _____/s/ Michael J. Muse-Fisher_____
                                        Michael J. Muse-Fisher
                                        Matthew L. Seror
                                        Attorneys for Plaintiff
                                        DISORDERLY KIDS, LLC

**PLAINTIFF DISORDERLY KIDS, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY DEFENDANT FAMILY DOLLAR, INC.**